IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JIM NORMAN, ET AL.                                                                APPELLANTS

V.                                                                CIVIL ACTION NO. 3:05CV64

PRESTAGE FARMS, INC., ET AL.                                                      APPELLEES

**MEMORANDUM OPINION**

This cause comes before the court on appeal from the United States Bankruptcy Court's Opinion and Order of June 21, 2004, granting the appellees' motion for summary judgment. This is the second appeal in this case. This court affirmed the bankruptcy court's orders of July 29, 2003, and December 2, 2003, overruling the plaintiffs' motions to remand for lack of subject matter jurisdiction and granting the motions of defendant/appellee Prestage Farms, Inc., a non-debtor, to file an amended removal petition and a second amendment to its answer, counter-claim, and cross-claim. The plaintiffs appealed, and the United States Court of Appeals for the Fifth Circuit affirmed this court's ruling on February 7, 2007.

Factual and Procedural Background

This action was originally filed in the Chancery Court of Montgomery County, Mississippi, on January 4, 2000, by sixty-eight plaintiffs seeking injunctive relief and compensatory and punitive damages due to alleged noxious and offensive emissions from the debtor/defendants' hog farms. The debtor/defendants operate these hog farms pursuant to contractual agreements with their non-debtor co-defendant, Prestage Farms.

In October 2004, Richard A. Moore and Bobby D. Brooks, two of the named defendants in the chancery court cause of action, filed voluntary Chapter 12 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Mississippi. The defendants

subsequently removed the state court proceeding to this court. Shortly thereafter, the plaintiffs filed a motion for mandatory or discretionary abstention, equitable remand, or, in the alternative, for severance. The court transferred the cause of action to the bankruptcy court for consideration due to the obvious bankruptcy implications. In the interim, the remaining defendants, with the exception of Prestage Farms, filed voluntary Chapter 12 bankruptcy petitions.

The plaintiffs moved to remand to the Chancery Court of Montgomery County, but the bankruptcy court ultimately concluded that the lawsuit is "related to" the bankruptcy proceeding and that it should remain in that court "so that the implications of the debtors' bankruptcy reorganizations under Chapter 12 can be appropriately considered." The bankruptcy court subsequently granted summary judgment in favor of the defendants, finding that no private right of action exists under the Mississippi Air and Water Pollution Control Law, Miss. Code Ann. §§ 49-17-1 to 49-17-43, and that the cause of action against certain defendants is barred by Miss. Code Ann. § 95-3-29(1). The plaintiffs timely perfected this appeal.

## Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error. *See Zimmerman v. Jenkins*, 165 F.3d 1026, 1029 (5th Cir. 1999). The bankruptcy court's conclusions of law are reviewed *de novo*. *Zimmerman*, 165 F.3d at 1029.

## Analysis

Mississippi Code Ann. § 95-3-29(1), commonly known as the "Right to Farm Act," provides that "'[i]n any nuisance action, public or private, against an agricultural operation . . . proof that said agricultural operation . . . has existed for one (1) year or more is an absolute defense to such action, if the conditions or circumstances alleged to constitute a nuisance have

2

existed substantially unchanged since the established date of operation." Miss. Code Ann. § 95-3-29(1). Subsection (3) of the statute provides, however, that "[t]he provisions of this section shall not be construed to affect any provision of the "Mississippi Air and Water Pollution Control Law" (sometimes hereinafter referred to as "Pollution Law"). Miss. Code Ann. § 95-3-29(3). In the case at bar, the bankruptcy court concluded that, because the pollution control law does not create a private cause of action, the plaintiffs could not avail themselves of the exemption found in Section 95-3-29(3) and could not, therefore, circumvent the statute of limitations found in subsection (1).

The plaintiffs argue that the bankruptcy court clearly erred by first examining whether the Pollution Law creates a private action before applying the Right to Farm Act exemption. According to the plaintiffs, the bankruptcy court, in ruling on the issues presented, failed to follow Mississippi state law precedent as mandated by *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), and its progeny. Specifically, the plaintiffs assert that the court should have followed precedent established by *Leaf River Forest Products, Inc. v. Ferguson*, 662 So. 2d 648 (Miss. 1995).[1] The plaintiffs rely on *Leaf River* to support their position that Pollution Law allegations eliminate the statutory defense found in the Right to Farm Act.

---

[1] The plaintiffs also argue that the bankruptcy court should have followed *Vicksburg Chemical Co. v. Thornell*, 355 So. 2d 299 (Miss. 1978) and *T.K. Stanley, Inc. v. Cason*, 614 So. 2d 942 (Miss. 1993), but, as the bankruptcy court found, these cases were essentially common law nuisance actions. The cases involved jury instructions which had apparently been extracted from the Pollution Law. However, the issue of whether the plaintiffs could civilly prosecute a private right of action under the Pollution Law was not raised in either of these cases.

3

The *Leaf River* plaintiffs lived approximately one hundred miles downstream from a Georgia-Pacific paper mill in Perry County, Mississippi, which the plaintiffs alleged was discharging approximately 19 million gallons of waste water every day into the Leaf River. The discharge contained heavy concentrations of dioxin, a highly toxic substance, and changed the color of the river and the river banks. The Mississippi Supreme Court held that "[g]iven the purpose of § 95-3-29, [the defendant] should not be allowed to defeat a nuisance action on property 100 miles downstream from the mill." *Leaf River*, 662 So. 2d at 662.

In the case at bar, the bankruptcy court concluded that the court's "message [in *Leaf River*] is simply that the period of limitations found in the 'right to farm' statute should not bar a cause of action alleging the pollution of a river and seeking damages for landowners who were remotely located from the source of the pollution." The court further noted that "[t]he issue of whether the individual plaintiffs could invoke a private right of action or remedy under the Mississippi Air and Water Pollution Control Law was never raised or addressed in the proceeding."

This court agrees with the rationale of the bankruptcy court and finds no merit to the plaintiffs' argument. The bankruptcy court's approach in first addressing the question of whether the plaintiffs could bring a private cause of action under the Pollution Law was not clearly erroneous. In fact, it was perfectly logical. As the defendants note, "[u]nder the plaintiffs' theory, the Right to Farm Act could always be avoided by simply making a Pollution Act allegation."

Further, this court finds that the bankruptcy court was correct in concluding that the Pollution Act does not create a private cause of action. As the bankruptcy court found, "there is

no hint of a legislative intent to do so." The Pollution Law makes it unlawful for a person to cause pollution of the air or waters of the State of Mississippi. Miss. Code Ann. § 49-17-29. If the Mississippi Department of Environmental Quality ("MDEQ") finds that a person is violating any provision of the Pollution Law, the person shall be subject to a civil penalty for each violation. Miss. Code Ann. § 49-17-43. Private party participation is allowed by Section 49-17-35, which gives a private party the right to initiate a request with the MDEQ, but it provides neither a private right of action or a private remedy for persons adversely affected by air or water pollution.

The court is sympathetic to the plight of the plaintiff landowners whose property may be rendered less valuable by their close proximity to the various hog farms. The court is of the opinion that plaintiffs whose property is adversely affected by an air polluting operation deserve some remedy; but, because in this case the plaintiffs failed to bring their claims within the statutory period and because there has been no evidence presented that the hog farms substantially changed after operations began, the court's hands are tied. All of the defendant farms were in operation more than a year before this lawsuit was filed, and by stipulation no dispute exists as to whether the farms remained substantially unchanged for the purposes of the Right to Farm Act.[2] For these reasons, the plaintiffs' action is barred by Miss. Code Ann. § 95-3-29(1), and the defendants are entitled to judgment as a matter of law.

Before concluding, the court will briefly address two remaining issues. First, the plaintiffs argue that the bankruptcy court was unclear as to whether the plaintiffs' claims for

---

[2]The parties filed a stipulation in which they agreed not to litigate the issue of whether the facilities which installed incinerators have remained "substantially unchanged" since their established date of operation.

negligence were dismissed. A plain reading of the plaintiffs' complaint reveals that no cause of action for negligence is alleged, and therefore any cause of action based on negligence is not the subject of this opinion. Further, it is clear that the bankruptcy court dismissed all claims except those noted.[3] Second, the court does not address the issue of whether the bankruptcy court had jurisdiction to grant summary judgment because that issue was the subject of the previous appeal, *Norman et al. v. Prestage Farms, Inc., et al.*, Civil Action No. 3:04CV54. The court found that the bankruptcy court did, in fact, have subject matter jurisdiction, and the Fifth Circuit has affirmed this court's ruling. The issue is, therefore, moot.

## Conclusion

For the foregoing reasons, the court finds that the bankruptcy court's June 21, 2004, Opinion and Order granting summary judgment in favor of the defendants should be affirmed. A separate order in accord with this opinion shall issue this day.

This, the 30th day of March, 2007.

/s/ Neal Biggers

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] The bankruptcy court's opinion stated that the defendants who did not install incinerators "are entitled to an order dismissing the complaint . . . ." The court withheld a ruling as to one defendant until the record could be supplemented through proof or stipulation as to whether it had installed an incinerator. As addressed in footnote 2, the parties subsequently filed a stipulation in which they agreed not to litigate the issue of whether the facilities which installed incinerators have remained "substantially unchanged" since their established date of operation.